IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**TEDDIVIOSI MOORE**                                                                                             **PLAINTIFF**

**V.**                                       **CAUSE NUMBER: 3:25-cv-00270-JDM-JMV**

**GOLD STRIKE CASINO RESORT, LLC**                                            **DEFENDANT**

## ORDER

Plaintiff Teddiviosi Moore worked for Defendant Gold Strike Casino Resort. Gold Strike employed Moore as a member of the Teamsters union. A collective bargaining agreement (CBA) governed the union's relationship with Gold Strike. [1-2], [1-3] And the CBA contains an arbitration provision.

Moore alleges Gold Strike fired him after an employee reported he possessed or distributed sexually explicit material "directed" at another employee. According to Moore, Gold Strike later determined the allegations were untrue. And it offered Moore $1,000 and the chance to return to work. Rather than take Gold Strike's offer, Moore filed a state court complaint. [2] So Gold Strike removed the case to this Court under federal question jurisdiction.[1] [1]

Gold Strike then moved to dismiss Moore's complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). [4] In its motion, Gold Strike asserts that Moore's claims are already in arbitration under the CBA's arbitration provision. Because Gold Strike noted the ongoing arbitration, the Court stayed the case pending a ruling on Gold Strike's dismissal motion. [10] Moore did not respond to the motion.

---

[1] Gold Strike premised jurisdiction on the Labor Management Relations Act governing collective bargaining agreements.

So the Court faces a substantive motion to dismiss claims that are apparently pending before an arbitrator. In this scenario, the Court finds the case should remain stayed and Gold Strike's motion to dismiss should be denied without prejudice.

**Discussion**

Gold Strike's motion asserts two reasons why the Court should dismiss Moore's complaint. The first is that his claims are already in arbitration. And the second is that Moore has failed to state a claim under the heightened federal pleading standards. In short, Gold Strike seeks to have it both ways. It wants Moore's case dismissed on the merits while arguing arbitration is the proper forum to settle his grievance. After review, the Court finds a stay pending the outcome of arbitration is appropriate to resolve Gold Strike's competing positions. Similarly, denying the motion to dismiss would allow the merits of Moore's claims to be decided in arbitration.

I. *Stay of Proceedings*

"[A] district court has a general discretionary power to stay proceedings before it in the control of its docket and in the interests of justice." *Hines v. D'Artois*, 531 F.2d 726, 733 (5th Cir. 1976); *see also Landis v. North Am. Co.*, 299 U.S. 248, 57 S. Ct. 163, 81 L. Ed. 153 (1936). This power extends to the Court's ability to stay an action sua sponte. *See Lighthouse Consulting Grp., LLC v. Ally Fin. Inc*, 2020 WL 6365538, at *1 (W.D. Tex. March 25, 2020).

Gold Strike's motion alerted the Court that Moore's claims are already in arbitration. Its motion points to a notice from the Federal Mediation and Conciliation Service (FMCS).[2] [1-5] The FMCS notice shows Moore's union representative requested an arbitration panel in March 2025—four months before Moore filed his state court complaint in July 2025. Furthermore, Gold Strike's representative informed the Court that Moore, his union, and Gold Strike participated in

---

[2] The FMCS notice is attached to the Notice of Removal.

2

arbitration in December 2025. And Moore has not refuted this representation.

Because Moore's claims are in arbitration, he will not be unduly prejudiced by a stay in this Court. And that Moore's union representative initiated arbitration before Moore sought relief in court is reason to stay proceedings between Moore and Gold Strike.

II.     *Denial of the Motion to Dismiss*

Even though Moore's claims are apparently in arbitration, Gold Strike still wants the Court to rule on their merits. The Court, however, finds it proper to deny Gold Strike's motion to avoid potentially prejudicing Moore's claims currently before the arbitrator. *See A-1 Am. Fence, Inc. v. Wells Fargo Bank, N.A.*, 2021 WL 7184974 (E.D. Tex. Nov. 16, 2021) (granting a motion to stay pending arbitration due in part to the impact of a federal judgment on pending arbitration).

Thus, Gold Strike's motion to dismiss is denied without prejudice. It may renew the motion after notifying the Court about the arbitration's outcome.

## Conclusion

For these reasons, Gold Strike's Motion to Dismiss [4] is **DENIED without prejudice**. The parties shall notify the Court about the arbitration's outcome within 10 days thereafter.

This case is **STAYED** until further order of the Court.

**SO ORDERED**, this the 27th day of February, 2026.

        /s/ James D. Maxwell II
        UNITED STATES DISTRICT JUDGE
        NORTHERN DISTRICT OF MISSISSIPPI