**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**TEDDIVIOSI MOORE**                                                                  **PLAINTIFF**

**V.**                                                    **CAUSE NUMBER: 3:25-cv-00270-JDM-JMV**

**GOLD STRIKE CASINO RESORT, LLC**                                       **DEFENDANT**

## <u>ORDER</u>

Before the Court is Gold Strike Casino Resort's motion to dismiss Plaintiff Teddiviosi Moore's complaint for failure to state a claim upon which relief can be granted. [14] Moore did not respond to the motion. Gold Strike moved to dismiss after an arbitrator denied Moore's grievance against Gold Strike. Because the arbitration order binds Moore, Gold Strike's motion to dismiss is **GRANTED**.

Moore worked for Gold Strike as a member of the Teamsters union. And a collective bargaining agreement (CBA) governed the union's relationship with Gold Strike. Moore sued Gold Strike after it fired him for allegedly possessing or distributing sexually explicit material of another Gold Stike employee. But by the time Moore filed suit, his union had already started arbitration against Gold Strike under the CBA. So the Court stayed the case pending the arbitration's outcome. [12]

Gold Strike has since informed the Court that the arbitration concluded. [13] And the Court takes judicial notice of the April 3, 2026 arbitration order, FMCS Case No. 250311-04242, *Teamsters Local 667 v. Gold Strike Casino Resort, LLC* Opinion and Award.[1] [13-1]

---

[1] The Fifth Circuit has permitted taking judicial notice of arbitration records. *See Colonial Oaks Assisted Living Lafayette, L.L.C. v. Hannie Dev., Inc.*, 972 F.3d 684, 688 n. 9 (5th Cir. 2020) (taking

The arbitration order found Gold Strike had just cause to fire Moore. The arbitrator also denied Moore's grievance. Under Moore's CBA, the arbitration order is final. "[E]mployee[s are] bound by the results of the grievance proceedings, according to the finality provisions of the typical collective bargaining contract, unless the union has breached its statutory duty of fair representation in processing the grievance." *Sturgeon v. Airborne Freight Corp.*, 778 F.2d 1154, 1158 (5th Cir. 1985) (citing *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151 (1983)).

Here, Moore has not claimed his union breached a duty of fair representation. So the arbitration order binds him to the finding that Gold Strike had just cause to fire him. The arbitration decision also precludes all of Moore's claims in this Court. *See Moore v. Potter*, 275 Fed. Appx. 405, 410 (5th Cir. 2008) (upholding dismissal of wrongful termination and breach of contract claims where plaintiff could not overcome the CBA's finality provision because plaintiff did not claim the union breached its duty of fair representation). Because the arbitration is final and binding on Moore, he cannot state a claim on which relief can be granted.

For these reasons, Gold Strike's Motion to Dismiss [14] is **GRANTED**. Moore's claims are **DISMISSED with prejudice**.

This case is **CLOSED**.

**SO ORDERED**, this the 2nd day of June, 2026.

      /s/ James D. Maxwell II
      UNITED STATES DISTRICT JUDGE
      NORTHERN DISTRICT OF MISSISSIPPI

---

judicial notice of arbitration order). And courts may consider judicially noticed materials on a Rule 12(b)(6) motion. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).